UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER DWAYNE MARTIN** a/k/a **MARTIN EL BEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-12824** |
| **STATE OF LOUISIANA'S OFFICIALS OF NEW ORLEANS, ET AL.** | **SECTION: "J"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Christopher Dwayne Martin a/k/a Martin El Bey, a state pretrial detainee, filed this *pro se* and *in forma pauperis* federal civil rights action against various state and local officials. Although his complaint is largely incomprehensible, the thrust of his legal argument is that the officials are violating his rights by refusing to acknowledge that he is a sovereign citizen of aboriginal Moroccan descent. See Gravatt v. United States, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (explaining the "sovereign citizen" belief system); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives). As relief, he requests:

> I, the Aboriginal Native Morocco (AMERICAN), by Rights of 'Sovereignty' Declare all listed Defendants be penalized in their personal & official capacity to wit, forthwith without prejudice. Monetary damages shall be paid to me for each day/night since arrested & detained on 02/23/2017 until I get release. Each violation of Defendants have a specified amount to pay according to U.S.C. & U.C.C. for everyday held captive. I also seek dismissal & release of all pending accusation of STATE against Me.[1]

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] Rec. Doc. 3, p. 5.

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2]  Regarding such lawsuits, federal law further requires:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …." 28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

In addition to the myriad other problems with plaintiff's complaint,[3] the simplest reason this case should be dismissed by the Court *sua sponte* is that the theory on which plaintiff's claims

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[3] As an initial matter, the Court notes that plaintiff's complaint fails to comply with even the most rudimentary rules of pleading.  Specifically, as the United States Supreme Court has explained:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [Bell Atlantic Corporation v.] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [2007]], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 550 U.S. 544, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955.  Nor does a complaint suffice if it tenders

2

are based, i.e. the "sovereign citizen" legal theory, is legally frivolous.  See, e.g., United States v. Austin, Crim. Action No. 13-194, 2018 WL 6326435, at *2 (E.D. La. Dec. 4, 2018); Westfall v. Davis, Civ. Action No. 7:18-cv-00023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), adopted, 2018 WL 2414794 (N.D. Tex. May 29, 2018); LaVergne v. USA, Docket No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018), adopted, 2018 WL 2747058 (W.D. La. June 7, 2018); El v. Louisiana, Civ. Action No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017) (Barbier, J.); Mason v. Anderson, Civil Action No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

"naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 550 U.S. 544, 127 S.Ct. 1955.

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  Plaintiff's rambling, largely incomprehensible complaint clearly does not suffice.
    Further, many of the defendants enjoy immunity from suit or are otherwise improper defendants.  For example, plaintiff has sued a state court judge, magistrate judge, and commissioner; however, any claims for monetary damages asserted against such judicial officers in their individual capacities would be barred by their absolute judicial immunity.  See  Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation -- where a judge acts after he is approached *qua* judge by parties to a case -- that could possibly spawn a successful § 1983 suit.").  Plaintiff has also sued a district attorney and assistant district attorney; however, any claims against such persons in their individual capacities for monetary damages are barred by their absolute prosecutorial immunity.  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (prosecutorial immunity protects against claims based on "actions in initiating the prosecution and in carrying the case through the judicial process"); Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) ("Absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." (quotation marks omitted)).  Plaintiff has also sued several of his public defenders; however, public defenders are not state actors liable under 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Wilson v. Nash, 115 F. App'x 295 (5th Cir. 2004).

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this twenty-fifth day of January, 2019.

*[signature]*

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**